2004 ND 140

STATE of North Dakota, Plaintiff and Appellee

v.

Paul SMESTAD, Defendant and Appellant.

No. 20030335.

Supreme Court of North Dakota.

June 30, 2004.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Paul H. Myerchin, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Paul Smestad appeals from a judgment entered following a conditional guilty plea to forgery, a class C felony. We affirm.

I.

[¶ 2] Constance Couch and Smestad were introduced by a mutual acquaintance in late December 2002. Couch and Smestad dated for less than a month and were married on January 19, 2003.

[¶ 3] Prior to their marriage, Smestad informed Couch he wanted to purchase a new pickup for her as a wedding present. On January 17, 2003, Smestad persuaded Couch to write a check to Stan Puklich Chevrolet for approximately $32,000 to purchase a new pickup. On the same day, Smestad wrote Couch two personal checks, one for $35,000 to cover the cost of the pickup and one for $5,000. Couch attempted to deposit the checks in her personal account, but the bank would not allow her to make the deposit. Smestad claimed he would have his accountant deposit the checks for Couch. Smestad drove Couch to a business called Route 94 Marketing. Couch waited in the vehicle while Smestad went into the business, stat-

ing he would have his accountant make the necessary arrangements to have the checks deposited immediately.

[¶ 4] Smestad never made arrangements to have the checks deposited in Couch's account, and the $32,000 check Couch wrote for the purchase of the new vehicle was returned for insufficient funds, along with several other checks written by Couch. Smestad told Couch he had a "big settlement" coming, and he was a Major in the armed forces with a sizeable income. Smestad made numerous other misrepresentations to Couch as to his employment and financial status.

[¶ 5] Eventually, Couch began to doubt Smestad's honesty. On March 4, 2003, Couch contacted the Mandan police department and informed an officer several checks were missing out of her checkbook and she suspected Smestad of taking them. The checks were written out to various businesses in the Bismarck–Mandan area. Two of those checks, written in Morton County, are the subject of this appeal.

[¶ 6] Smestad was charged with forging two checks on Couch's checking account in Morton County. The first check was written to Dan's Supermarket on February 13, 2003, in the amount of $111.20. The second check was written at Stage Stop Liquors on February 22, 2003, in the amount of $73.90. Trial was set for July 8, 2003. On July 8, 2003, Smestad made a motion in limine to limit testimony of Couch and to allow the defense to impeach Couch on a misdemeanor conviction resulting from the bad check she wrote to Stan Puklich Chevrolet for the pickup. The district court refused to limit Couch's testimony because the forgery statute requires the prosecution to demonstrate a scheme or intent to defraud. The district court refused to allow the defense to impeach Couch on the misdemeanor bad check conviction stating it was not a crime involving

dishonesty. The record only reflects the State's Attorney's reference to Couch being prosecuted for a class A misdemeanor involving writing checks without sufficient funds; however, the record fails to specify under which statute she was prosecuted and convicted.

[¶ 7] Smestad entered a conditional guilty plea on July 8, 2003, and appealed the district court's ruling on his motion in limine.

### II.

[¶ 8] The first issue raised by Smestad on appeal is whether the district court abused its discretion when it declined to limit Couch's testimony about the events surrounding the checks Smestad wrote on Couch's account.

[¶ 9] The prosecution sought to allow Smestad's wife of five weeks, Constance Couch, to testify to a scheme perpetrated by Smestad in an effort to take money from Couch and others. The State argued it was essential to show Couch was deceived by Smestad and that Smestad stole checks from Couch with intent to commit forgery. The district court ruled it would permit Couch's testimony about prior events with a verbal warning to the State not to stray from the essential elements of the crime. The district court also instructed the defense it would have the opportunity to object at trial, if and when it was necessary.

[¶ 10] Smestad argues the district court abused its discretion when it determined Couch's testimony would be allowed in order to give context to the events giving rise to the two forged checks. Smestad argues the essential elements of the forgery statute require the defendant to have "intent to deceive or harm the government or another person." N.D.C.C § 12.1–24–01. The statute provides:

1. A person is guilty of forgery or counterfeiting if, with intent to deceive or harm the government or another person, or with knowledge that he is facilitating such deception or harm by another person, he:

a. Knowingly and falsely makes, completes, or alters any writing; or

b. Knowingly utters or possesses a forged or counterfeited writing.

2. Forgery or counterfeiting is:

. . .

b. A class C felony if:

. . .

(5) The offense is committed pursuant to a scheme to defraud another or others of money or property of a value in excess of one hundred dollars.

N.D.C.C. § 12.1–24–01.

[¶ 11] "Relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.D.R.Ev. 401. Relevant evidence is generally admissible, whereas evidence that is not relevant is generally inadmissible. N.D.R.Ev. 402. Relevant evidence may be excluded at the discretion of the district court if the prejudicial nature of the evidence outweighs its probativeness:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

N.D.R.Ev. 403.

[¶ 12] "Under N.D.R.Ev. 401–403, a trial court is vested with broad discretion to decide if evidence is relevant and if its probative value substantially outweighs the danger of unfair prejudice." State v. Steinbach, 1998 ND 18, ¶ 9, 575 N.W.2d 193 (citing State v. Carlson, 1997 ND 7, ¶ 8, 559 N.W.2d 802). This Court will reverse a district court's decision in admitting evidence only if the court has abused its discretion by acting in an arbitrary, unconscionable, or unreasonable manner. Steinbach, at ¶ 9.

[¶ 13] The district court's explanation for allowing Couch's testimony was subsection 2(b)(5) of the forgery statute required the prosecution prove a scheme or intent to defraud others. At the hearing on Smestad's motion in limine, the district court stated:

Well, I'm going to allow the testimony to come in, even though it appears that it'll be probative. I don't think the prejudicial value will outweigh the probative nature of those statements.

Obviously, Mr. Grosinger, I want you to be careful and, Mr. Bolinske, obviously wanting to object in regards to, I guess, going afloat into other county's charges.

And my reasoning, Mr. Bolinske, is the statute does indicate "with intent to deceive or harm," so there is a portion there that the State has to prove. And, obviously, the jury can make a leap with just checks and you don't have authorization to write. But given a husband or spousal relationship, obviously, puts the State's need for evidence maybe a little bit more greater than just your average somebody stole my checks from a stranger and forged them or wrote them at a later time. So I'm going to allow the information in.

[¶ 14] The district court examined the nature of the statutory language and determined Couch's testimony was necessary for the prosecution to establish the essential elements of the crime. The statute

requires the prosecution to demonstrate a scheme to defraud. N.D.C.C. § 12.1–24–01(2)(b)(5). Because these checks were written on the account of a spouse, the district court recognized that the State might need to show more to rebut any assumption Smestad had authority to write checks on his wife's account. In order to demonstrate there was a scheme with intent to defraud, the prosecution would have to elicit facts from the witness as to Smestad's actions causing financial harm to Couch. The essential elements of the statute required the prosecution to offer evidence to give context to the events surrounding the crime.

[¶ 15] The district court did not abuse its discretion when it ruled Couch could testify to the events surrounding the forgery charges against Smestad.

### III.

[¶ 16] The second issue raised by Smestad on appeal is whether the district court abused its discretion when it ruled it would not allow the defense to impeach Couch with a misdemeanor conviction involving issuing a check without sufficient funds. The district court stated,

> [w]ell, I'm going to rule it is not admissible, Mr. Bolinske. Part of—the main reason for that is it's only an A Misdemeanor, it's not a felony and it's not a charge involving dishonesty such as Theft, Theft by Deception, et cetera.
>
> So any reference to a Class A Misdemeanor NSF by Ms. Couch or Smestad will not be allowed.

The district court has discretion whether to allow a party to impeach a witness with a felony conviction; however, if the district court determines a conviction is one involving dishonesty or false statement, then the district court does not have discretion and the conviction may be used to impeach a witness. *State v. Eugene,* 340 N.W.2d 18, 31 (N.D.1983).

[¶ 17] The ability of a party to impeach a witness is governed by N.D.R.Ev. 609(a), which provides:

> For the purpose of attacking the credibility of a witness, (i) evidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused; and (ii) evidence that any witness has been convicted of a crime must be admitted if it involved dishonesty or false statement, regardless of the punishment.

Rule 609(a)(i) does not apply in this case because Smestad alleges Couch was convicted of a class A misdemeanor of writing bad checks; therefore, Rule 609(a)(ii) applies.

[¶ 18] The record on this issue is incomplete and was not properly developed before the district court. "Issues or contentions not adequately developed and presented at trial are not properly before this Court. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop new theories of the case." *Hansen v. Winkowitsch,* 463 N.W.2d 645, 646 (N.D. 1990) (citing *Edwards v. Thompson,* 336 N.W.2d 612 (N.D.1983)). "Requiring a party to first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of

the decision." *Mahoney v. Mahoney*, 1997 ND 149, ¶ 13, 567 N.W.2d 206 (citing *In Interest of A.G.*, 506 N.W.2d 402, 403–04 (N.D.1993)). Smestad failed to adequately show Couch's crime was one which qualified for impeachment under N.D.R.Ev. 609(a)(ii).

[¶ 19] The record does not reflect the crime of which Couch was convicted and with which Smestad wanted to impeach her. The only evidence contained in the record is a comment by the Morton County State's Attorney in which he indicates Couch told him she had been convicted of a misdemeanor bad check charge. This scant record does not provide this Court with an adequate basis to determine Couch's crime was one which involves dishonesty under the applicable rule of evidence. Smestad has not demonstrated the district court's ruling was incorrect.

[¶ 20] The district court is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.