2010 ND 165

**Bradley E. PETERSON, Plaintiff and Appellant**

v.

**Teresa J. PETERSON, Defendant and Appellee.**

No. 20090173.

Supreme Court of North Dakota.

Aug. 24, 2010.

Tom P. Slorby, Minot, N.D., for plaintiff and appellant.

H. Malcolm Pippin, Williston, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Bradley Peterson appeals a district court judgment awarding spousal support to Teresa Peterson. We affirm the judgment and remand for consideration of attorney's fees for the appeal.

I

[¶ 2] Bradley and Teresa Peterson married in November 1996 and had two children together. Bradley Peterson sued for divorce in October 2007. After a trial in March 2009, the district court issued a memorandum opinion and entered the divorce judgment. Teresa Peterson was awarded primary physical custody of the children. Bradley Peterson was awarded visitation and ordered to pay $2,669 per month in child support. He was also ordered to pay $1,500 per month in spousal support, continuing through Teresa Peterson's sixty-fifth birthday month or the death of either party.

[¶ 3] Bradley Peterson appeals the award of spousal support, arguing the district court clearly erred in the amount and duration of the spousal support obligation. He also contends the district court's spousal support award and the applicable case and statutory law constitute unconstitutional discrimination against husbands on the basis of gender.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶ 5] In its memorandum opinion, the district court analyzed the factors of the *Ruff–Fischer* guidelines before distributing property and awarding spousal support. *See Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). Factors to consider under the *Ruff–Fischer* guidelines include:

the respective ages of the parties, their earning ability, the duration of the mar-

riage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Lindberg v. Lindberg,* 2009 ND 136, ¶ 28, 770 N.W.2d 252 (citation omitted).

[¶ 6] The district court found that the parties had been married for twelve years and that at the time of the judgment, Bradley Peterson was 46 and Teresa Peterson was 51. Concerning the earning abilities of the parties, the district court found Bradley Peterson is employed by American Truck & Equipment, the corporation jointly owned by Bradley and Teresa Peterson during the marriage. The district court found Bradley Peterson is a skilled mechanic and "a sort of artist in the field of modifying trucks for a particular purpose." The district court found the company builds custom vehicles to a customer's specifications, and Bradley Peterson "is the boss, salesman, welder, and anything else that needs doing." Bradley Peterson testified that during the marriage, he and Teresa Peterson agreed he would make contacts and do the fabricating for the business and she would do the bookkeeping and take care of the children and household. He testified she was in charge of cooking, cleaning, laundry, and groceries, which allowed him to spend time with the business. The district court found Bradley Peterson made a gross salary of $153,473 and a net salary of $112,194. The district court also found, however, that the salary figures were a bit misleading, because some of the wages were not actually disbursed, but the corporation had built up a healthy cash reserve. The district court found the corporation

also paid the parties (and after the divorce, Bradley Peterson) rent for the building, which services the loan that is secured by the building. The district court found Teresa Peterson has been employed in mostly unskilled-labor positions and neither graduated from high school nor obtained a GED. The district court found the one job she had that used more advanced skills was the bookkeeper position, which was no longer available after the divorce. The district court found she also works as a part-time rural carrier for the post office, a job for which she grosses around $17,570 per year. The district court found that while Teresa Peterson could probably find full-time work, at minimum wage she would make about the same as she makes at her current part-time job if she worked even one extra day per week, and the current job allows her flexibility and time for the children.

[¶ 7] Concerning the conduct of the parties, the district court found that while Bradley Peterson accused Teresa Peterson of overspending, she accused him of being over-controlling and too tight with finances. The district court stated it "side[d] with Teresa" on the issue. The district court found that while Bradley Peterson's frugality resulted in a very solvent business, it cost the parties a marriage. On the factor of the station in life of the parties, the district court found Bradley Peterson is in a much better position to go forward and have a comfortable life, because he is skilled and has a good job in a business that could do well. By contrast, the district court found Teresa Peterson's prospect of moving up to full-time work with the post office is remote, and she is fourth in line for current positions at the post office.

[¶ 8] The district court found no special needs to be addressed. The district court

also found both parties are in good health. Concerning the financial circumstances of the parties, the district court found American Truck & Equipment was their primary asset and source of income. The district court found valuation of the business to be a problem because, while the business is thriving, "it is primarily Bradley that is the business, and his skills make or break it." The district court found the business is young and was started "at the best of times, at the commencement of an unprecedented oil boom." The district court found Bradley Peterson's skills filled a specialty niche in the market. The district court found the business primarily retrofits trucks and other vehicles to very special needs, and those needs "could easily disappear overnight." The district court found that "[w]ithout the oilfield the business is a nice welding shop, but it would not have a fraction of the earning potential that it has now." The district court found that while liquidation value is the least-favored method of valuing an ongoing business, it appeared closer to reality in this case. The district court also "believe[d] that Bradley would not follow through with a sale for liquidation value" and thus added $40,000 as its "best guess."

[¶ 9] The district court then looked at when property was acquired. The court found that while Bradley Peterson did have some property prior to the marriage, it was not enough to make much difference in distribution. The district court also found that Teresa Peterson had mineral interests prior to the marriage, but because the district court was given no value of the mineral interests at trial, it divided them equally. Finally, as to the source of property, the district court found that other than the few things brought into the marriage, the parties' assets were acquired through the efforts of both.

[¶ 10] The district court awarded Bradley Peterson property totaling $706,713.04, including the business and its property, less debt of $251,447.40. It awarded Teresa Peterson property totaling $374,652.91, including the marital residence, a trailer home, two vehicles, and a cash payment of $50,000 from the business checking account, less no debt. The court stated Bradley Peterson was awarded slightly more, fifty-four percent, of the property, primarily because of a pension and other property that he brought into the marriage. The district court also awarded Teresa Peterson attorney's fees, because of "the gap in earnings."

[¶ 11] In awarding Teresa Peterson spousal support, the district court wrote, "Considering all the above factors, while this is not a real long-term marriage, I feel spousal support is warranted." The district court considered the large gap in earning potential and stated, "Teresa is 51 years old and not skilled in much beyond general labor, while Bradley is 46 and poised to do very well indeed, assuming the work is there." The district court found that with the property settlement and cash payments, plus child support, Teresa would be able to "get by," but that she "is entitled to more than to just 'get by.'" The district court thus awarded Teresa Peterson $1,500 per month in spousal support, continuing through her sixty-fifth birthday month or the death of either party. The court said it would revisit the spousal support obligation in the event of a change of circumstances, such as the business doing substantially better or worse, the health of either party changing, or her remarriage.

## III

[¶ 12] Bradley Peterson agrees it was appropriate for the district court to award Teresa Peterson spousal support, but he

argues the district court erred in the amount and duration of the obligation. He also argues the spousal support award and the applicable case and statutory law constitute unconstitutional discrimination against husbands on the basis of gender.

### A

[¶ 13] Bradley Peterson first contends the district court clearly erred in awarding permanent spousal support to Teresa Peterson. He contends there was nothing in the district court's findings to justify the amount or duration of the spousal support award. Under N.D.C.C. § 14-05-24.1, a district court may award spousal support to a party in a divorce action for any period of time. *Lindberg,* 2009 ND 136, ¶ 27, 770 N.W.2d 252. Spousal support determinations are findings of fact and will not be set aside unless clearly erroneous. *Overland v. Overland,* 2008 ND 6, ¶ 16, 744 N.W.2d 67. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if this Court is left with a definite and firm conviction a mistake has been made. *Lindberg,* at ¶ 27. In awarding spousal support, the district court must consider the relevant factors of the *Ruff–Fischer* guidelines. *Overland,* at ¶ 16. Factors to consider under the *Ruff–Fischer* guidelines include:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Lindberg,* at ¶ 28 (citations omitted). The needs of the spouse seeking support and the supporting spouse's needs and ability to pay must also be considered. *Overland,* at ¶ 16.

[¶ 14] There are two types of spousal support. While permanent spousal support is appropriate to provide traditional maintenance for a spouse who is incapable of rehabilitation, rehabilitative spousal support is awarded to provide a spouse time and resources to acquire an education, training, work skills, or experience that will enable the spouse to become self-supporting. *van Oosting v. van Oosting,* 521 N.W.2d 93, 100 (N.D.1994) (citation omitted). Rehabilitative spousal support is preferred, but permanent spousal support may be required to maintain a spouse who cannot be adequately retrained to independent economic status. *Id.*

[¶ 15] Bradley Peterson concedes it was appropriate to award Teresa Peterson spousal support, but he argues the district court erred in the amount and duration of the award. He argues the parties were married in November 1996 and separated in June 2007, a span of only ten and a half years. He argues that including the separation period until the divorce, which puts the marriage at twelve and a half years, "is an artificial result of the judicial process."

[¶ 16] "There is no bright-line rule to determine whether a marriage should be deemed short- or long-term." *Hitz v. Hitz,* 2008 ND 58, ¶ 16, 746 N.W.2d 732. Here the district court analyzed each of the *Ruff–Fischer* guidelines and focused on the disparity in earning capacity between the parties when awarding permanent spousal support. The district court found that Teresa Peterson is not skilled in much beyond general labor, and that obtaining a full-time job at minimum wage would not make much of a difference considering the salary of her part-time job

with the post office and the flexible hours to spend with her children. The district court made detailed findings on the *Ruff–Fischer* guidelines that were supported by the evidence. We cannot say there is no evidence to support the district court's findings, nor are we left with a definite and firm conviction a mistake has been made. The district court's award of spousal support is not clearly erroneous.

## B

[¶ 17] Bradley Peterson also contends the spousal support award and the applicable case and statutory law constitute unconstitutional discrimination against husbands on the basis of gender. Historically, alimony or spousal support was based on a continuation of a husband's duty to support his wife. Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 14.1, at 420–21 (1968). North Dakota has statutorily abolished any gender basis for the award of spousal support. *See* N.D.C.C. § 14–05–24.1 ("Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time."); N.D.C.C. § 1–01–06 ("In this state there is no common law in any case in which the law is declared by the code."). Here Bradley Peterson cites no case law or specific argument for his claim of unconstitutional discrimination, other than arguing that the disadvantaged spouse requirement should not have been abrogated by this Court in *Sack v. Sack*, 2006 ND 57, 711 N.W.2d 157. "Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue." *Quamme v. Bellino*, 540 N.W.2d 142, 148 (N.D.1995) (quoting *State v. Obrigewitch*, 356 N.W.2d 105, 109 (N.D.1984)).

[¶ 18] Bradley Peterson claims awarding spousal support to Teresa Peterson under these circumstances is against public policy. He ignores the reasoning and rationale supporting an award of spousal support:

> The two objectives of maintenance are support and fairness, where the support objective serves to support the recipient spouse in accordance with the needs and earning capacities of the parties, and the fairness objective is meant to ensure fair and equitable financial arrangements between the parties in each individual case to compensate the recipient spouse for contributions made to the marriage, to give effect to the parties' financial arrangements, or to prevent the unjust enrichment of either party.

24A Am.Jur.2d *Divorce and Separation* § 662 (2008). We have held that an award of spousal support may be appropriate to recognize a spouse's role in contributing to the development of the other spouse's earning capacity during the marriage. *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 18, 714 N.W.2d 845; *see also Hanson v. Hanson*, 404 N.W.2d 460, 466 (N.D. 1987) ("In awarding spousal support, a court may properly recognize a spouse's role in contributing to the other spouse's earning capacity which was developed and enhanced during the course of the marriage."). The district court's comprehensive analysis of the *Ruff–Fischer* guidelines supports the underlying purposes of spousal support. Additionally, Bradley Peterson testified he and Teresa Peterson agreed he would make contacts and do the fabricating for the business and she would do the bookkeeping and take care of the children and household, which allowed him to spend time building the business. In awarding spousal support, the district court recognized that Bradley Peterson is "poised to do very well indeed," while Teresa Peterson is not. Under the facts and circumstances of this case, we cannot

say the district court clearly erred in awarding permanent spousal support.

## C

[¶ 19] Teresa Peterson requests attorney's fees for the appeal. "Under N.D.C.C. § 14–05–23, attorney's fees may be awarded for an appeal in a divorce action." *Dvorak v. Dvorak*, 2006 ND 171, ¶ 24, 719 N.W.2d 362. In deciding whether to award attorney's fees, a court must balance the needs of the parties and their ability to pay, and should also consider the property owned by each, their relative incomes, whether property is liquid or fixed assets, and whether the actions of either party have increased the time spent on the case. *Id.* Although a district court and this Court have concurrent jurisdiction to award attorney's fees for an appeal in a divorce, we prefer that the district court decide attorney's fees for a divorce appeal. *Id.*

[¶ 20] We remand to the district court to determine whether attorney's fees for the appeal are appropriate.

## IV

[¶ 21] The district court judgment awarding spousal support to Teresa Peterson is affirmed. We remand for consideration of attorney's fees for the appeal.

[¶ 22] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., and DONOVAN J. FOUGHTY, D.J., concur.

[¶ 23] The Honorable DONOVAN J. FOUGHTY, D.J., sitting in place of CROTHERS, J., disqualified.