Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 159

Mark Paulson, Plaintiff and Appellant

v.

Cheryl Paulson, Defendant and Appellee

No. 20100399

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Robert G. Ackre, P.O. Box 685, Cando, N.D. 58324-0685, for plaintiff and appellant.

Justin Dale Hager, 1110 College Drive, Suite 211, Bismarck, N.D. 58501-

1225, for defendant and appellee.

Paulson v. Paulson

No. 20100399

Kapsner, Justice.

[¶1] Mark Paulson appeals from an amended divorce judgment ordering him to pay spousal support to Cheryl Paulson.  We affirm, concluding the district court’s findings of fact are not clearly erroneous and the court did not err in awarding spousal support.  We deny Cheryl Paulson’s request that she be awarded attorney fees for defending against a frivolous appeal and her request for sanctions for Mark Paulson’s alleged failure to comply with the appellate rules regarding preparation of the appendix.

I

[¶2] Mark and Cheryl Paulson began living together in 1987 and married in 1994.  They separated in 2006, and Mark Paulson brought this action for divorce in 2008.  Following a trial, the district court granted the divorce, divided the marital property and debts, and denied Cheryl Paulson’s request for spousal support.  Cheryl Paulson appealed, and this Court affirmed the property division but concluded the district court had failed to properly apply the 
Ruff-Fischer
 guidelines and its findings of fact on spousal support were clearly erroneous.  
Paulson v. Paulson
, 2010 ND 100, 783 N.W.2d 262.  This Court therefore reversed the district court’s spousal support determination and remanded “for appropriate findings and analysis under the 
Ruff-

Fischer
 guidelines and the case law.”  
Id.
 at ¶ 15.  The Court directed the district court to analyze “the supporting spouse’s needs and ability to pay, and maintaining relative standards of living,” and noted that the district court “may take more testimony to make additional findings if it believes it is necessary to appropriately determine spousal support.”  
Id.

[¶3] On remand, the district court sent a letter to counsel for the parties suggesting one possible procedure to follow, but giving the parties the opportunity to suggest other alternatives:

As you are aware, the Supreme Court remanded the captioned case directing me to make more detailed findings regarding the issue of spousal support.  It is my intention to review the trial transcript and issue findings and conclusions based on the trial transcript.  If either party objects to my proceeding in this manner, please let me know as soon as possible, and inform me as to your preferred procedure.

Neither party objected to this procedure, and neither party requested the opportunity to submit additional evidence or present legal or factual arguments to the court.  The district court issued amended findings of fact, conclusions of law, and order for judgment providing more complete findings and additional analysis of the 
Ruff-

Fischer
 guidelines.  Based on the amended findings, the court ordered that Mark Paulson pay $1,500 per month in permanent spousal support.

II

[¶4] Under N.D.C.C. § 14-05-24.1, a district court may order a party in a divorce action to pay spousal support for any period of time.  
Peterson v. Peterson
, 2010 ND 165, ¶ 13, 788 N.W.2d 296.  In awarding spousal support, the district court must consider the relevant factors outlined in 
Ruff v. Ruff
, 78 N.D. 775, 52 N.W.2d 107 (1952) and 
Fischer v. Fischer
, 139 N.W.2d 845 (N.D. 1966).  
Duff v. Kearns-Duff
, 2010 ND 247, ¶ 14, 792 N.W.2d 916; 
Peterson
, at ¶ 13.  The 
Ruff-Fischer
 guidelines require the court to consider:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

Duff
, at ¶ 14 (quoting 
Krueger v. Krueger
, 2008 ND 90, ¶ 8, 748 N.W.2d 671).  The court must also consider the needs of the spouse seeking support and the needs and ability to pay of the supporting spouse.  
Duff
, at ¶ 14; 
Peterson
, at ¶ 13.  

[¶5] In the prior appeal in this case, this Court directed the district court on remand to more fully analyze and address the 
Ruff-Fischer
 guidelines, to consider Mark Paulson’s needs and ability to pay and the parties’ ability to maintain their standard of living, and to make appropriate findings of fact.  
Paulson
, 2010 ND 100, ¶ 15, 783 N.W.2d 262.  The district court fully complied with these instructions on remand by carefully analyzing each of the 
Ruff-Fischer
 guidelines, expressly addressing Mark Paulson’s needs and ability to pay and the parties’ ability to maintain their standard of living, and issuing extensive findings of fact.  In support of its determination to award spousal support, the district court found that: (1) the marriage was long-term; (2) there was a substantial disparity in income, with Mark Paulson earning $53,000 per year and Cheryl Paulson earning $23,000 per year; (3) Mark Paulson engaged in inappropriate financial conduct during the marriage, dissipating marital assets by paying bills of a “female friend”; (4) the parties had pooled their income and assets during the marriage; (5) Mark Paulson had the ability to pay spousal support and still have money left over to pay his outstanding debts; (6) spousal support would allow Cheryl Paulson to maintain her standard of living; and (7) Mark Paulson’s standard of living would not be substantially impaired if he paid spousal support in the ordered amount.

[¶6] A spousal support determination is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous.  
Stephenson v. Stephenson
, 2011 ND 57, ¶ 25, 795 N.W.2d 357; 
Paulson
, 2010 ND 100, ¶ 8, 783 N.W.2d 262.  A district court’s findings of fact are presumed to be correct, and we view the evidence in the light most favorable to the findings.  
Lund v. Lund
, 2011 ND 53, ¶ 17, 795 N.W.2d 318.  A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after a review of the entire record, we are left with a definite and firm conviction a mistake has been made.  
Paulson
, at ¶ 8.  On appeal, the party challenging a finding of fact bears the burden of proving the finding is clearly erroneous.  
Hartleib v. Simes
, 2009 ND 205, ¶ 24, 776 N.W.2d 217. 

[¶7] Mark Paulson has failed to demonstrate that the district court’s findings of fact on spousal support are clearly erroneous. The district court on remand followed this Court’s directions by fully analyzing the relevant factors and making more complete findings of fact.  Although Mark Paulson raised some generic challenges to various findings, he did not demonstrate that any finding was induced by an erroneous view of the law or that any finding was without support in the evidence, and we are not left with a definite and firm conviction that a mistake has been made.

[¶8] We also note that Mark Paulson did not object to the procedure employed by the district court on remand, and did not attempt to submit additional evidence or present additional legal or factual arguments to the district court on remand.  Thus, while Mark Paulson now raises challenges to the district court’s original findings on the parties’ incomes, the district court did not have the benefit of that argument when it considered these issues on remand.  Mark Paulson was well aware that the district court in its original decision found that his annual income was $53,000 and Cheryl Paulson’s was $23,000, and this Court specifically referenced those amounts when addressing the disparity in the parties’ incomes in the prior appeal.  
See
 
Paulson
, 2010 ND 100, ¶¶ 13-14, 783 N.W.2d 262.  On remand, however, Mark Paulson did not present any additional evidence or argument to the district court indicating opposition to these figures.  At oral argument on this appeal, Mark Paulson for the first time argued that the $53,000 figure for his income was incorrect because, as an over-the-

road truck driver, he incurred lodging and meal expenses which made his actual annual income less than $53,000.  

[¶9] It is well-settled that issues not raised in the district court may not be raised for the first time on appeal:

“‘The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories.’”  
Beeter v. Sawyer Disposal LLC
, 2009 ND 153, ¶ 20, 771 N.W.2d 282 (quoting 
Heng v. Rotech Med. Corp.
, 2006 ND 176, ¶ 9, 720 N.W.2d 54).  “The requirement that a party ‘first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.’”  
Beeter
, at ¶ 20 (quoting 
State v. Smestad
, 2004 ND 140, ¶ 18, 681 N.W.2d 811).  “‘It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.’” 
Davis v. Enget
, 2010 ND 34, ¶ 10, 779 N.W.2d 126 (quoting 
Messer v. Bender
, 1997 ND 103, ¶ 10, 564 N.W.2d 291).  Accordingly, “issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal.”  
Beeter
, at ¶ 20. 

Spratt v. MDU Resources Group, Inc.
, 2011 ND 94, ¶ 14, 797 N.W.2d 328.  This rationale is particularly applicable where, as here, an issue or argument is not raised in the appellate brief but is raised for the first time at oral argument.  We generally do not consider issues raised for the first time at oral argument on appeal.  
Cavendish Farms, Inc. v. Mathiason Farms, Inc.
, 2010 ND 236, ¶ 5, 792 N.W.2d 500.  

[¶10] We conclude that the district court’s findings of fact are not clearly erroneous and the court did not err in ordering Mark Paulson to pay $1,500 per month in permanent spousal support.

III

[¶11] Cheryl Paulson contends the appeal is frivolous and requests attorney fees under N.D.R.App.P. 38.  We deny the request for attorney fees.

[¶12] Cheryl Paulson also seeks sanctions under N.D.R.App.P. 30 for Mark Paulson’s counsel’s failure to file a joint appendix.  Although we welcome and encourage a single, jointly filed appendix, the rule encourages but does not require the parties to file a joint appendix.  
Schumacker v. Schumacker
, 2011 ND 75, ¶ 20, 796 N.W.2d 636.  We deny Cheryl Paulson’s request for sanctions.

IV

[¶13] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The judgment is affirmed, and Cheryl Paulson’s requests for attorney fees and for sanctions are denied.

[¶14] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

Dale V. Sandstrom