2015 ND 129

**Ellen A. WILLIAMS, Plaintiff and Appellant**

v.

**Ivan L. WILLIAMS, Defendant and Appellee.**

No. 20140313.

Supreme Court of North Dakota.

May 27, 2015.

Thomas M. Jackson, Bismarck, N.D., for plaintiff and appellant.

Daniel J. Nagle (argued) and Todd D. Kranda (on brief), Mandan, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Ellen Williams appeals from a divorce judgment dividing the marital estate between her and Ivan Williams and awarding her spousal support. Ellen Williams argues the district court erred in the duration and amount of spousal support awarded to her. We affirm.

I

[¶ 2] Ellen Williams and Ivan Williams were married in 1972, and Ellen Williams sued for divorce in 2012. At the time of trial, both parties were 62 years old. During the marriage, Ellen Williams was a homemaker and primary care provider to the parties' three children. She also worked various jobs to help support the family, and she has been employed by Farm and Ranch Guide since 2001, earning $11.83 per hour along with an annual bonus of $700. Her gross annual income is approximately $25,000. She testified she has no plans to retire and intends to work as long as she remains healthy. Ivan Williams has been employed as a salesperson for Bayer Crop Sciences since 1987. His net income is approximately $4,700 every four weeks, along with a monthly bonus of approximately $1,000. He testified he would like to retire at age 65.

[¶ 3] Both parties testified at trial about extramarital affairs. Ellen Williams testified she sued for divorce after she learned of Ivan Williams' extramarital affair and his decision to move in with his girlfriend. Ellen Williams testified she also had an extramarital affair, but it did not start until after the parties separated.

[¶ 4] The district court awarded Ellen Williams $202,577 and Ivan Williams $161,867 of the parties' net marital estate. None of the marital assets awarded to either party were income-producing. Ellen Williams was also awarded her attorney fees and spousal support in the amount of $1,250 per month for four years.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Ellen Williams' appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D.

Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6]   Ellen Williams argues the district court erred in the duration and amount of her spousal support award.   She also argues the court erred in failing to consider Ivan Williams' infidelity in awarding her spousal support.

## A

[¶ 7]   Ellen Williams argues the district court should have awarded her permanent spousal support.   She argues her age, her role in the marriage, and the disparity in the parties' earning capacities justifies an award of permanent spousal support.   She argues she gave up permanent, stable jobs so she could be a homemaker, and worked various "odd jobs" to help support the family.   She argues her current job with Farm and Ranch Guide has only limited opportunity for promotions.   She also argues the court erred in determining the amount of spousal support awarded to her. She argues the monthly award of $1,250 should be increased because the court failed to consider Ivan Williams' additional income, her gross income compared to Ivan Williams' net income, and her needs and Ivan Williams' ability to pay.

[¶ 8]   A spousal support award is a finding of fact and will not be reversed on appeal unless clearly erroneous. *McCarthy v. McCarthy*, 2014 ND 234, ¶ 16, 856 N.W.2d 762.   A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if we are left with a definite and firm conviction a mistake has been made.   *Peterson v. Peterson*, 2010 ND 165, ¶ 13, 788 N.W.2d 296.   We view the evidence in the light most favorable to the findings, and the district court's factual findings are presumptively correct. *McCarthy*, at ¶ 8.

[¶ 9]   Section   14–05–24.1, N.D.C.C., allows a district court to award spousal support to a party for any period of time.   In awarding spousal support, a district court must consider the relevant factors under the *Ruff–Fischer* guidelines:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Peterson*, 2010 ND 165, ¶ 13, 788 N.W.2d 296 (quoting *Lindberg v. Lindberg*, 2009 ND 136, ¶ 28, 770 N.W.2d 252).   "The needs of the spouse seeking support and the supporting spouse's needs and ability to pay must also be considered." *Peterson*, at ¶ 13.

[¶ 10]   There are two types of spousal support.   "Rehabilitative spousal support is awarded to equalize the burdens of divorce or to restore an economically disadvantaged spouse to independent status by providing a disadvantaged spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting." *Wagner v. Wagner*, 2007 ND 33, ¶ 8, 728 N.W.2d 318 (quoting *Greenwood v. Greenwood*, 1999 ND 126, ¶ 9, 596 N.W.2d 317).   Permanent spousal support is appropriate to provide traditional maintenance for a spouse who is incapable of rehabilitation.   *Peterson*, 2010 ND 165, ¶ 14, 788 N.W.2d 296.   "Rehabilitative spousal support is preferred, but permanent spousal support may be required to maintain a spouse who cannot

be adequately retrained to independent economic status." *Id.*

[¶ 11] In determining the amount and duration of spousal support, Ellen Williams argues the district court failed to properly calculate Ivan Williams' income. She argues Ivan Williams mischaracterized his income because he gets paid every two weeks instead of monthly. She also argues the district court failed to consider Ivan Williams' bonus in calculating his income.

[¶ 12] In evaluating the parties' earning abilities under the *Ruff–Fischer* guidelines, the district court found Ivan Williams' net income is approximately $4,700 every four weeks, not every month. The court also found Ivan Williams earns an additional monthly bonus of approximately $1,000 per month. The court found Ellen Williams' annual income is just under $25,000. The court found the parties' earning abilities are "not likely to increase, and will likely decrease in the not too distant future when one or both of the parties retire."

[¶ 13] Ellen Williams argues the district court erred in considering her gross income compared to Ivan Williams' net income. Ellen Williams argues the district court should have used either the gross income or net income of each party in evaluating each party's earning ability. This Court has never required a district court to use either gross income or net income in evaluating earning ability, and the court made findings on each party's income on the basis of the evidence presented.

[¶ 14] Ellen Williams argues the district court erred in its evaluation of her monthly needs and Ivan Williams' ability to pay. In discussing her needs and Ivan Williams' ability to pay, the court found "[b]oth parties submitted financial infor-mation which indicates their monthly expenses exceed their incomes." Under the *Ruff–Fischer* factor for considering other material matters, the court found:

It appears from the evidence presented that Ellen is in need of spousal support, but that Ivan is not able to pay the amount of $4,500 per month that she requests. This is complicated by the fact that Ivan testified that he would like to retire at age 65 which would further limit his ability to pay support.

[¶ 15] As noted above, Ellen Williams received $202,577, and Ivan Williams received $161,867 of the parties' net marital estate. The district court acknowledged the disparity in favor of Ellen Williams and stated, "[T]he disparity in the net awards is appropriate in this case to award Ellen assets in lieu of additional alimony which she needs but which Ivan cannot afford, and also to partially equalized (sic) the disparity in anticipated retirement income between the parties."

[¶ 16] In awarding spousal support to Ellen Williams, the district court stated:

Property distribution and spousal support are interrelated and intertwined and the Court is required to consider the property distribution, in light of the *Ruff–Fischer* factors, in making a determination of spousal support. The *Ruff–Fischer* factors were discussed above. Ellen's need for spousal support exceeds Ivan's ability to pay and also exceeds the disparity in marital property awarded to Ellen in the preceding paragraph. Therefore, in addition to the property awarded in the preceding paragraph, Ellen is awarded spousal support in the amount of $1,250 per month for a period of four years.

[¶ 17] In reaching its decision to award spousal support to Ellen Williams, the district court made specific findings under each of the *Ruff–Fischer* factors. The

court also evaluated Ellen Williams' need for support and Ivan Williams' ability to pay. After making specific findings of fact, the court adequately explained its decision to award Ellen Williams rehabilitative spousal support. We conclude the district court's award of rehabilitative spousal support for four years in the amount of $1,250 per month is not clearly erroneous under the facts in this case. The evidence supports the court's findings, and we are not convinced a mistake was made. Under N.D.C.C. § 14–05–24.1, the district court retains jurisdiction to modify the award and make it permanent if there is a material change in financial circumstances. *Rothberg v. Rothberg*, 2006 ND 65, ¶ 10, 711 N.W.2d 219.

B

[¶ 18] Ellen Williams also argues the district court erred in failing to consider Ivan Williams's infidelity in awarding spousal support. The conduct of the parties during the marriage is one of the factors to consider under the *Ruff–Fischer* guidelines. *Peterson*, 2010 ND 165, ¶ 13, 788 N.W.2d 296. Although conduct of the parties is a factor to be considered in awarding spousal support, it is just one factor, and an award need not be based on conduct alone. *Ratajczak v. Ratajczak*, 1997 ND 122, ¶ 20, 565 N.W.2d 491.

[¶ 19] The district court considered the conduct of the parties and found:

The parties have been married for forty-two years. Much of the marriage was happy; however, the parties grew apart and developed marital difficulties during the last five to eight years of the marriage. In July 2011, Ivan admitted to having an affair with one of his business clients ... since 2010.... Ivan alleged that Ellen also had an extramarital relationship; however, the evidence

indicated that this occurred well after the time of the parties final separation. The court further stated:

Ellen contends that she should receive a larger share of the marital estate because of Ivan's conduct during the marriage, specifically his affair.... Ivan contends that Ellen also had an extramarital affair, although after the parties final separation, and that she kept a cluttered house and ran up credit card bills. The court considers the conduct of the parties and will require Ivan to pay Ellen's attorney fees for the divorce.

[¶ 20] "Under N.D.C.C. § 14–05–23, a district court has discretion to award attorney fees in divorce proceedings." *Rothberg*, 2006 ND 65, ¶ 19, 711 N.W.2d 219. An award of attorney fees under N.D.C.C. § 14–05–23 will not be set aside on appeal absent an abuse of discretion. *Id.* A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Krueger v. Grand Forks Cnty.*, 2014 ND 170, ¶ 13, 852 N.W.2d 354. "In deciding whether to award attorney fees under N.D.C.C. § 14–05–23, the court must balance the parties' financial needs and ability to pay." *Rothberg*, at ¶ 20.

[¶ 21] The district court considered the conduct of the parties, and, as discussed above, balanced the parties' financial needs and ability to pay. We conclude the district court's findings on the parties' conduct was not clearly erroneous. We also conclude the court's award of attorney fees to Ellen Williams on the basis of Ivan Williams' conduct during the marriage was not an abuse of discretion.

III

[¶ 22] We have considered Ellen Williams' remaining arguments and con-

clude they are either unnecessary to our decision or without merit. The district court's judgment is affirmed.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.