McEvers, Justice, concurring.
[¶28] I reluctantly concur. The majority avoids addressing our long line of cases categorizing spousal support. This Court has repeatedly stated there are two types of spousal support, rehabilitative and permanent. See Williams v. Williams , 2015 ND 129, ¶ 10, 863 N.W.2d 508 ; Peterson v. Peterson , 2010 ND 165, ¶ 14, 788 N.W.2d 296 ; Marschner v. Marschner , 2001 ND 4, ¶ 6, 621 N.W.2d 339 ; Heley v. Heley , 506 N.W.2d 715, 719 (N.D. 1993). This Court has also referred to spousal support as "temporary" support. We have stated: "[w]e prefer temporary rehabilitative support to remedy ... disadvantage, and indefinite permanent support is appropriate only if a spouse 'cannot be adequately restored to independent economic status.' " Nuveen v. Nuveen , 2011 ND 44, ¶ 26, 795 N.W.2d 308 (quoting Heley v. Heley , 506 N.W.2d 715, 720 (N.D. 1993) ). However, temporary support has been used to describe both rehabilitative spousal support and other spousal support ordered for periods of short duration. See Tuhy v. Tuhy , 2018 ND 53, ¶¶ 14-15, 907 N.W.2d 351 (using term "temporary" to describe spousal support award for a period of four years following a request for rehabilitative spousal support); Hoverson v. Hoverson , 2013 ND 48, ¶¶ 6, 13, 828 N.W.2d 510 (using term "temporary" to describe the spousal support awarded for two years);
*115 Quamme v. Bellino , 2002 ND 159, ¶ 2, 652 N.W.2d 360 (using the term "temporary" to describe rehabilitative spousal support award for a period of four years); Schoenwald v. Schoenwald , 1999 ND 93, ¶¶ 10-12, 593 N.W.2d 350 (describing spousal support as temporary and not permanent where ordered spousal support ends when the obligor retires).
[¶29] The underlying stipulation clearly was not for permanent spousal support, because it is only for a period of 36 months. Because there was no evidence presented to the district court on the reason for the stipulated spousal support, it is not clear whether the spousal support was rehabilitative in nature or temporary for some other purpose. Had Markegard offered some evidence that the spousal support was intended to be rehabilitative in nature, the outcome may have been different.
[¶30] Lisa Fair McEvers