# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 120

State of North Dakota,                               Plaintiff and Appellee

v.

Alex Kenny Eggleston,                               Defendant and Appellant

### No. 20200285

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Eggleston**
**No. 20200285**

**Jensen, Chief Justice.**

[¶1] Alex Eggleston appeals from a district court's amended criminal judgment entered following a jury verdict finding him guilty of murder and possession of a firearm by a convicted felon. Eggleston argues his sentence is illegal because N.D.C.C. § 12.1-32-09.1 and N.D. Sup. Ct. Admin. R. 51 are unconstitutionally vague as applied to him. Because Eggleston's argument was not adequately developed and presented before the district court, we affirm.

I

[¶2] On July 17, 2017, Eggleston was charged with murder and possession of a firearm by a convicted felon. A jury returned a guilty verdict on both charges. On June 28, 2018, the district court sentenced Eggleston to life with the possibility of parole. On July 26, 2018, the State moved to correct the sentence to include a calculation of Eggleston's remaining life expectancy. The court subsequently amended the judgment after calculating Eggleston's remaining life expectancy to be 47.9 years using a 2017 version of the life expectancy table.

[¶3] Eggleston appealed the amended criminal judgment to this Court. *State v. Eggleston*, 2020 ND 68, 940 N.W.2d 645. As part of his appeal, Eggleston challenged the district court's application of the 2017 life expectancy table to his sentence. *Id.* at ¶ 12. He argued the district court erred by applying a 2017 life expectancy table rather than the 2002 life expectancy table as required in N.D. Sup. Ct. Admin. R. 51. *Id.* He also argued his sentence was rendered unconstitutionally vague and resulted in a violation of due process. *Id.* We held that the use of the 2017 life expectancy table was contrary to Administrative Rule 51 and remanded the case to the district court with instructions to properly recalculate Eggleston's life expectancy. *Id.* at ¶ 16. We did not consider Eggleston's constitutional challenge to his sentence because the issue had not been presented to the district court. *Id.* at ¶ 17.

[¶4] Upon remand, the district court initially scheduled the resentencing hearing for May 28, 2020. Eggleston was represented by counsel who appeared at the hearing, but Eggleston was not present at the hearing. The court rescheduled the hearing for September 18, 2020, and directed the parties to file any arguments related to sentencing prior to the rescheduled hearing. Eggleston did not file any motions or briefs prior to the September 18, 2020 hearing.

[¶5] During the hearing on September 18, 2020, Eggleston's counsel made an oral request for an evidentiary hearing to determine the appropriate factors to be used in determining his life expectancy. The district court denied the request stating, "There was nothing in the remand or nothing in any of the other — any other briefs that have been presented in this case — that any of those other issues should be addressed at today's proceedings." The court continued the hearing for a second time after Eggleston indicated he had not had an opportunity to speak with his counsel before the hearing.

[¶6] The resentencing hearing was rescheduled to September 24, 2020. On the day of the hearing, counsel for Eggleston filed with the district court a brief entitled "Defendant's Argument of Unconstitutionality." Eggleston argued his sentence was rendered unconstitutionally vague violating his right to due process, and further argued certain factors used to calculate life-expectancy should be pleaded or found beyond a reasonable doubt. During the hearing, Eggleston's counsel orally raised the arguments asserted in the brief filed the day of the hearing as follows:

> MR. SAUVIAC: Judge, the only other issues — we're going back to the charts and in looking at the decision from the Supreme Court, there was an issue raised, but it said the Court had not had an opportunity to address that on the unconstitutionality of the interplay between the 12.1-32-09.1 and Administrative Rule 51. The client's asked that I preserve that issue as well as [appellate] counsel. I've strictly taken the argument that was made and put it back before the Court in the form of an argument on the unconstitutionality, so the issue is preserved, since we're reapplying the statute again and I assume the Court will deny that. I'm putting it before [the court] for record purposes and I have

2

the chart. I've reviewed it with the client. He's been kept in custody here at the local jail. I've had the opportunity to discuss that with him and that's his wishes as well.

[¶7] The State asserted it was not prepared to address those arguments as follows:

> MR. MADDEN: I don't have any response to the newly-raised constitutional challenge. I would note, Your Honor, that there has been nothing in support of this offer, just simply a regurgitation of some language out of the Supreme Court thing. I do not have that issue briefed. I was not expecting to have it, so I want the record to reflect that this was not what this hearing was set up for and as such, I don't have an answer to it readily.

[¶8] The district court did not consider Eggleston's constitutional challenge to his sentence. Ultimately, the court resentenced Eggleston using the 2002 life expectancy table and entered an amended criminal judgment to reflect the updated life expectancy calculation. Eggleston appeals.

## II

[¶9] On appeal, Eggleston does not dispute or challenge whether the 2002 life expectancy table was properly calculated by the district court. Rather, Eggleston argues the application of N.D.C.C. § 12.1-32-09.1 and N.D. Sup. Ct. Admin. R. 51 is unconstitutionally vague as applied to his sentence. Alternatively, Eggleston argues the case should be remanded for the court to make specific factual findings on the life expectancy factors. The State argues Eggleston's challenge was not properly presented before the court and, therefore, not preserved for appeal.

[¶10] "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Kalmio*, 2014 ND 101, ¶ 12, 846 N.W.2d 752 (quoting *State v. Cain*, 2011 ND 213, ¶ 29, 806 N.W.2d 597). We have explained:

3

Issues or contentions not adequately developed and presented at trial are not properly before this Court. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop new theories of the case. Requiring a party to first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.

*State v. Smestad*, 2004 ND 140, ¶ 18, 681 N.W.2d 811 (internal quotation marks and citations omitted). Constitutional issues not raised in the district court will not be considered for the first time on appeal. *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497.

[¶11] We remanded Eggleston's case with instructions for the district court to properly apply the 2002 life expectancy table to Eggleston's sentence. On remand, the court directed the parties to present any arguments pertaining to the life expectancy calculation before the sentencing hearing scheduled for September 18, 2020. Eggleston did not comply with the court's timeline for submitting his argument. Instead, on September 24, 2020, the day of the second rescheduled sentencing hearing, Eggleston submitted a written brief challenging the constitutionality of his sentence. He also orally raised the issue asserted in the brief at the hearing. The State indicated it was not prepared to respond to Eggleston's argument given the inadequate notice of his argument.

[¶12] We conclude Eggleston's argument on the constitutionality of his sentence was not properly presented to the district court before his sentencing hearing. Moreover, the State was not afforded sufficient time to develop a defense against Eggleston's argument when the issue was raised for the first time on the day of the hearing. The court lacked a meaningful opportunity to make a correct decision, contribute valuable input to the process, and develop the record for our review. Therefore, Eggleston's constitutional challenge to his sentence is not properly before this Court on appeal.

4

## III

[¶13] Because Eggleston did not adequately develop and present the constitutional challenge to his sentence before the district court, we will not consider the issue for the first time on appeal. We affirm the amended criminal judgment.

[¶14] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte