# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 49

---

Thomas D. Varty,                                                                 Plaintiff and Appellee

v.

Kathleen A. Varty,                                                            Defendant and Appellant

---

No. 20180279

---

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Thomas J. Corcoran, Williston, ND, for plaintiff and appellee.

Thomas E. Kalil (argued), H. Malcolm Pippin (on brief), and Kaitlin A. DeCrescente (on brief), Williston, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1] Kathleen Varty appeals from an amended divorce judgment, arguing the district court erred in reducing Thomas Varty's spousal support obligation. We affirm.

I

[¶2] The parties were married in 1981 and have two adult children. In 2011 Thomas Varty commenced an action seeking a divorce. In November 2011 the parties executed a marital termination agreement dividing their property and awarding Kathleen Varty spousal support of $3,175 per month for eight years and $1,500 per month for four additional years. In December 2011 the district court entered judgment incorporating the parties' agreement. The judgment's spousal support provision states:

> "Plaintiff will pay Defendant spousal support in the amount of $3,175 per month for eight years and $1,500 per month for four years. There will be spousal support for a total of twelve years (144 months). Spousal support will be payable on the first of each month until Defendant dies or remarries, whichever happens first. Spousal support will not increase but may be reduced because of, but not limited to, the following:
> 1. Plaintiff's income is reduced at no fault of his own[.]"

[¶3] In August 2017 Thomas Varty moved to terminate spousal support, claiming his oil field related income was reduced through no fault of his own. In support of his motion, Thomas Varty argued his job history shows he left employment at Sun Well Services in June 2012 for Magna Energy, where he made about $132,000 a year. Ranger Energy purchased Magna in January 2017 and eliminated his position in May 2017. He found employment with Calfrac in August 2017, and he later accepted employment at American Well Service making $75,000 per year.

[¶4]   At a hearing on March 21, 2018, the district court received the parties' testimony and evidence regarding modification of the spousal support obligation. In May 2018 the court issued its findings of fact, conclusions of law and order for judgment. The district court subsequently entered an amended judgment reducing Thomas Varty's spousal support obligation to $500 per month.

## II

[¶5]   Kathleen Varty argues the district court erred in finding a material change of circumstances and in reducing Thomas Varty's spousal support obligation.

[¶6]   Our standard of review for a district court decision modifying spousal support is well established:

> "When the original divorce judgment includes an award of spousal support, the district court retains jurisdiction to modify the award. The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support. The district court's determination whether there has been a material change in circumstances warranting modification of spousal support is a finding of fact and will be set aside on appeal only if it is clearly erroneous.
>
> "A material change is a change that substantially affects the financial abilities or needs of the parties and that was not contemplated by the parties at the time of the original decree. In assessing whether a material change has occurred, the reasons for changes in the parties' income or needs must be examined, as well as the extent to which the changes were contemplated by the parties at the time of the initial decree."

*Rothberg v. Rothberg*, 2006 ND 65, ¶¶ 10-11, 711 N.W.2d 219 (internal citations omitted); *see also* N.D.C.C. § 14-05-24.1*; Lind v. Lind*, 2014 ND 70, ¶ 8, 844 N.W.2d 907; *Schulte v. Kramer*, 2012 ND 163, ¶ 10, 820 N.W.2d 318. "Not every change in the parties' financial circumstances justifies modification of spousal support, and no modification is warranted when the change is self-induced." *Rothberg*, at ¶ 11. "This Court encourages agreements between divorcing parties, and stipulated spousal support awards should be changed only with great reluctance." *Id.*

2

[¶7]    A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, after reviewing the entire record, we are left with a definite and firm conviction the district court made a mistake. *Krueger v. Krueger*, 2013 ND 245, ¶ 7, 840 N.W.2d 613. The district court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and afford a clear understanding of its decision. *Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219. Findings are adequate if this Court can discern the factual basis for the district court's decision. *Id.*

## A

[¶8]    Kathleen Varty claims the district court erred in concluding the stipulated divorce dispensed with Thomas Varty's need to establish a material change in circumstances. She contends their agreement merely contemplates spousal support will continue for twelve years and may be reduced if Thomas Varty's income is reduced at no fault of his own. She argues Thomas Varty should be required to prove a material change in circumstance. She further contends the district court's conclusory statement that a material change in circumstances was established is not supported by the record. She asserts that the court did not consider his full financial situation and that his average income since 2012 was $127,202.65, even assuming he made only $75,000 in 2018. She also claims the findings lack sufficient specificity showing a material change.

[¶9]    Thomas Varty argues the district court correctly concluded the judgment entered on stipulated divorce dispensed with his burden to establish a material change in circumstances because the spousal support provision allows him to seek a reduction for any no-fault reduction in his income, regardless of how small. He argues in the alternative that his separation from Ranger Energy was a change which significantly and materially affected his financial ability to pay living expenses and spousal support, because his income went from $132,000 a year to zero. He contends the

district court's finding he established a material change was supported by the record when Ranger terminated his safety manager position.

[¶10] The district court retains jurisdiction under N.D.C.C. § 14-05-24.1 to modify a spousal support award. *See Rothberg*, 2006 ND 65, ¶ 10, 711 N.W.2d 219. Generally, the party seeking modification of spousal support must prove a material change in the financial circumstances of the parties warranting a change in support. *Gibb v. Sepe*, 2004 ND 227, ¶¶ 7-8, 690 N.W.2d 230; *Schmalle v. Schmalle*, 1998 ND 201, ¶ 12, 586 N.W.2d 677.

[¶11] Here, the district court found both that the marital termination agreement dispensed with the need to establish a material change of circumstances and that Thomas Varty adequately proved a material change of circumstances. Because the district court made findings adequate to support the conclusion a material change of circumstances was established, we do not reach the question whether it was necessary for Thomas Varty to make that showing.

[¶12] The district court made the following findings supporting that a material change in circumstances had occurred:

- Thomas Varty was earning $117,000 a year when judgment was entered.
- Thomas Varty "made a series of employment changes seeking greater opportunities, as is common in the oil field industry. [Thomas Varty] worked for Sunwell [sic] Oil Service from June 2008 to June 2012, the[n] worked for Magna Energy Services from June 2012 to January 2017 (where he made $145,000 per year, then dropped to $130,000 per year)."
- "In January of 2017, Ranger Energy Services bought out Magna Energy Services. [Thomas Varty] earned $132,000 per year."
- "In May of 2017, Ranger Energy Services terminated the employment of all of Magna's management, including [Thomas Varty]. This was through no fault of [Thomas Varty]."
- "[Thomas Varty] obtained unemployment benefits from June to August of 2017."
- "In August of 2017, [Thomas Varty] obtained an hourly position at Calfrac, where he made $4,680 gross per month."
- "In November of 2017, [Thomas Varty] obtained a salaried position at America [sic] Well Service as a safety director,

4

where he currently earns $75,000 per year. He receives no overtime or additional benefits."

- "[Thomas Varty's] income reduction occurred through no fault of his own."

These findings are supported by evidence from the hearing and are not clearly erroneous. Therefore, the district court did not err in finding a material change of circumstance.

B

[¶13]  Kathleen Varty argues the district court's findings are inadequate to reduce her spousal support from $3,175 per month to $500 per month, and the record does not support its decision. She contends the court did not analyze Thomas Varty's net worth and earning ability and provided no rationale for reducing the spousal support obligation to $500, which is arbitrary and significantly lower than the stipulated spousal support. Thomas Varty claims the district court's findings were adequate and supported by the record. He argues evidence supports the court's findings on the *Ruff-Fischer* guidelines. He contends that, while the court did not make findings on every *Ruff-Fischer* factor, the findings explain the rationale for its decision.

[¶14]  "The district court must consider the relevant factors under the *Ruff-Fischer* guidelines when determining if an award of spousal support is appropriate." *Pearson v. Pearson*, 2009 ND 154, ¶ 6, 771 N.W.2d 288. "[T]he district court is not required to make specific findings on each factor, provided we can determine the reasons for the court's decision." *Krueger v. Krueger*, 2008 ND 90, ¶ 8, 748 N.W.2d 671. "Spousal support awards must also be made in consideration of the needs of the spouse seeking support and of the supporting spouse's needs and ability to pay." *Overland v. Overland*, 2008 ND 6, ¶ 16, 744 N.W.2d 67; *see also Lee v. Lee*, 2007 ND 147, ¶¶ 15-16, 738 N.W.2d 479 (applying *Ruff-Fischer* guidelines in proceeding to modify spousal support obligation); *Lucier v. Lucier*, 2007 ND 3, ¶ 17, 725 N.W.2d 899 ("In determining a modified support obligation, the court must evaluate the obligor's current ability to pay along with the recipient's current need for

5

support and award support in an amount that is adequately proportional to the reduction in the obligor's income, taking into consideration the recipient's need for support.").

[¶15]   The *Ruff-Fischer* guidelines include the following considerations:

"[T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material."

*Rebel v. Rebel*, 2016 ND 144, ¶ 7, 882 N.W.2d 256 (internal citation omitted).

[¶16]   Here, the district court considered Thomas Varty's past and current income, his earning ability, the circumstances and necessities of each party, and Kathleen Varty's health and physical condition.  The court found Thomas Varty's "current salary of $75,000 is a significant reduction in salary from the time of the divorce of the parties," and that he "provided credible evidence of his current expenses, which results in a <u>net</u> monthly disposable income of only $1,200.00."  The court found Thomas Varty "does not have significant funds that would allow him to comply with the original support order" and he "is unable to provide spousal support at the current level mandated by the Judgment."

[¶17]   The district court found Kathleen Varty is 55 years old and "presented absolutely no evidentiary proof to support her contention that she cannot work to support herself."  The court found she provided evidence of numerous medical visits, but provided no medical documentation to support her claim she could not perform even light duty work.  "Specifically, Defendant presented no medical records, no witnesses, and no doctor[']s notes.  Further, Defendant testified that she does not collect disability, nor has she applied."

[¶18]   The district court found Kathleen Varty "admitted that she is healthy enough to routinely visit and traverse nearby casinos, where she also spends the money that she claims she needs for living expenses."  The court found she "admitted that she

depleted $67,000 to $12,000 between September, 2017 and the March 2018 (6 months), yet provided budget estimates that show her total living expenses should have been less than $15,000 during that time frame." From this the district court stated, "This Court finds that Defendant failed to prove that she is unable to work and provide for herself, even if it be in a light duty capacity" and "failed to show a need for spousal support to continue at current levels."

[¶19] The evidence supports the facts recited by the district court. The court did not misapply the law. Therefore, the court's findings are not clearly erroneous, and we affirm the amended judgment reducing Thomas Varty's spousal support obligation.


                                          III

[¶20] The amended judgment is affirmed.

[¶21] Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.