# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 170

Kimberlee A. Markegard,
n/k/a Kimberlee A. Erickson,                    Plaintiff, Appellant, and Cross-Appellee

v.

Brian G. Willoughby,                    Defendant, Appellee, and Cross-Appellant

No. 20180445

Appeal from the District Court of Adams County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kristan A. Redmann, Mandan, N.D., for plaintiff, appellant, and cross-appellee.

Chad C. Nodland, Bismarck, N.D., for defendant, appellee, and cross-appellant.

**Tufte, Justice.**

[¶1]    Kimberlee Erickson, formerly known as Kimberlee Markegard, appeals and Brian Willoughby cross-appeals from an order and amended judgment terminating Willoughby's spousal support obligation.  Erickson argues the district court erred in terminating her spousal support, and Willoughby argues the court erred by failing to make its order terminating support retroactive to the date of the service of his motion.  We affirm.


I

[¶2]    Erickson and Willoughby were married in 2004.  They were divorced in May 2017.  They filed a marital termination agreement, agreeing to spousal support and distribution of the marital estate.  The parties agreed Willoughby would pay spousal support for thirty-six months, stating:

> Beginning on the first of the month upon entry of *Judgment* in this matter and for twelve (12) consecutive months in total, Brian shall pay to Kimberlee $4,000 each month for spousal support.
> Upon the conclusion of the twelve (12) months, Brian shall thereafter pay to Kimberlee $3,500 each month, for spousal support, for twenty-four (24) consecutive months.
> Brian shall pay this spousal support obligation to Kimberlee for the duration of the thirty-six (36) months upon entry of *Judgment*, unless she remarries or dies.

The district court entered an order and judgment incorporating the parties' agreement, including the spousal support.

[¶3]    In October 2018, Willoughby moved to terminate his spousal support obligation under N.D.C.C. § 14-05-24.1(3), arguing Erickson had been cohabiting in a relationship analogous to marriage since July or August 2017. Willoughby filed an affidavit in support of his motion.  Erickson responded to the motion, arguing her spousal support should not be terminated because Willoughby was required to prove

1

a material change in circumstances, N.D.C.C. § 14-05-24.1(3) does not apply to terminate rehabilitative spousal support, under the terms of the judgment her spousal support is rehabilitative, and the parties agreed the support would terminate only upon remarriage or death. Erickson did not file an affidavit or other evidence. Neither party requested a hearing.

[¶4] The district court granted Willoughby's motion and terminated his spousal support obligation. The court found N.D.C.C. § 14-05-24.1(3) applied and Willoughby was not required to prove a material change in circumstances. The court also found the parties did not agree in writing that cohabitation would not terminate the spousal support, Erickson failed to present any evidence the spousal support was rehabilitative, and Willoughby established Erickson had been continuously cohabiting in a relationship analogous to marriage since August 2017. The court ordered the termination of Willoughby's spousal support obligation was effective immediately.

II

[¶5] Erickson argues the district court erred in terminating her spousal support under N.D.C.C. § 14-05-24.1(3).

[¶6] The district court's findings of fact in its decision modifying spousal support will be reversed on appeal only if they are clearly erroneous. *See Varty v. Varty*, 2019 ND 49, ¶ 6, 923 N.W.2d 131. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the basis of the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.* at ¶ 7. Statutory interpretation is a question of law, which is fully reviewable on appeal. *Bindas v. Bindas*, 2019 ND 56, ¶ 10, 923 N.W.2d 803.

[¶7] Section 14-05-24.1, N.D.C.C., governs spousal support and authorizes the district court to modify support orders, stating:

> 1. Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for a limited period of time in accordance with this section. The court may modify its spousal support orders.

2

2. Unless otherwise agreed to by the parties in writing, spousal support is terminated upon the remarriage of the spouse receiving support. Immediately upon remarriage, the spouse receiving support shall provide notice of the remarriage to the payor spouse at the last known address of the payor spouse.

3. Unless otherwise agreed to by the parties in writing, upon an order of the court based upon a preponderance of the evidence that the spouse receiving support has been habitually cohabiting with another individual in a relationship analogous to a marriage for one year or more, the court shall terminate spousal support.

4. Subsections 2 and 3 do not apply to rehabilitative spousal support.

Section 14-05-24.1, N.D.C.C., was amended in 2015 to add subsections 2, 3, and 4. 2015 N.D. Sess. Laws ch. 124, § 1. The current version of the statute became effective on August 1, 2015. *Id.*

## A

[¶8] Erickson argues the parties explicitly agreed on the conditions that would terminate the spousal support, they did not include cohabitation as a condition, and therefore her support could not be terminated on the basis of cohabitation.

[¶9] Our standard for interpreting statutes is well established:

> The primary purpose of statutory interpretation is to determine the intention of the legislation. *In re Estate of Elken*, 2007 ND 107, ¶ 7, 735 N.W.2d 842. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1-02-39.

*Bindas*, 2019 ND 56, ¶ 10, 923 N.W.2d 803 (quoting *Ferguson v. Wallace-Ferguson*, 2018 ND 122, ¶ 7, 911 N.W.2d 324).

[¶10] In *Bindas*, 2019 ND 56, ¶ 11, 923 N.W.2d 803, we interpreted N.D.C.C. § 14-05-24.1(3) and held:

> Section 14-05-24.1(3), N.D.C.C., is not ambiguous. The plain language of the statute authorizes the court to terminate spousal support based solely on the receiving spouse's cohabitation unless otherwise

agreed to by the parties in writing. "Otherwise" is defined as "[t]o the contrary; differently." *Black's Law Dictionary* 1276 (10th ed. 2014). If the parties have a contrary agreement in writing, the statute does not apply to terminate spousal support. The language "unless otherwise agreed to by the parties in writing" limits the application of the statute.

[¶11]   In *Bindas*, 2019 ND 56, ¶ 13, 923 N.W.2d 803, the parties' marital termination agreement did not explicitly address whether the spousal support obligation would terminate upon cohabitation, but they entered into the agreement in 2009 before the 2015 amendments to N.D.C.C. § 14-05-24.1 became effective.  We explained this Court previously held cohabitation could not be the sole basis for termination of spousal support, the law in existence when the contract is entered into forms a part of that contract, the parties' agreement did not include cohabitation as a condition that would terminate the support, and the agreement did not explicitly contradict the background law.  *Bindas,* at ¶¶ 14-15.  We held the effect of the agreement was that cohabitation by itself was not sufficient to terminate spousal support and the agreement's incorporation of the pre-2015 background law satisfied the "[u]nless otherwise agreed to by the parties in writing" exception to N.D.C.C. § 14-05-24.1(3). *Bindas*, at ¶¶ 15-16.

[¶12]   Our interpretation of the language of the statute in *Bindas* guides this case.  We held N.D.C.C. § 14-05-24.1(3) does not apply if the parties have a contrary agreement in writing.  *Bindas*, 2019 ND 56, ¶ 11, 923 N.W.2d 803.  Justice Crothers' concurrence in *Bindas*, at ¶ 27, anticipated this case:

> N.D.C.C. § 14-05-24.1(3) would apply according to its plain terms to a marital termination agreement identical to that used by the Bindas if the agreement was executed on or after August 1, 2015. . . . Therefore, if a spousal support provision like that used in the Bindas' divorce was executed after N.D.C.C. § 14-05-24.1(3) became effective, the absence of language stating spousal support continues even if the receiving party cohabitates would require, rather than preclude, termination of spousal support.

We agree.  We conclude a written spousal support agreement entered into after the 2015 statutory amendment must expressly provide for continued spousal support to a cohabiting spouse or N.D.C.C. § 14-05-24.1(3) will apply.

4

[¶13]   In this case, the marital termination agreement was executed in April 2017 and is silent about whether the spousal support will terminate upon cohabitation.  The law at the time Erickson and Willoughby entered into the agreement required termination of spousal support upon the court's finding that the spouse receiving support had been habitually cohabiting for more than one year.  Erickson and Willoughby did not agree in writing that the spousal support would not terminate upon cohabitation.  The agreement does not satisfy the "[u]nless otherwise agreed to by the parties in writing" exception to N.D.C.C. §14-05-24.1(3), and therefore the statute requires termination upon a finding of cohabitation.

B

[¶14]   Erickson also argues termination of her spousal support was improper because her spousal support is rehabilitative and N.D.C.C. § 14-05-24.1(3) does not apply to rehabilitative support under N.D.C.C. § 14-05-24.1(4).

[¶15]   The district court considered Erickson's argument that her spousal support was rehabilitative.  The court found, "No where in either the Stipulation and Property Settlement Agreement or the Judgment is there any mention of what type of spousal support is required."  The court further found, "No evidence was provided to this Court that the spousal support awarded to [Erickson] was rehabilitative in nature, and therefore N.D.C.C. § 14-05-24.1(4) does not apply."

[¶16]   Section 14-05-24.1(4), N.D.C.C., states the subsections requiring termination of spousal support upon remarriage or habitual cohabitation do not apply to rehabilitative spousal support.  The party moving for termination of spousal support has the initial burden to prove cohabitation justifying termination.  *Cf. Varty*, 2019 ND 49, ¶ 6, 923 N.W.2d 131 (the party seeking modification of spousal support has the burden of proving there has been a material change in circumstances warranting a change in the amount of support).  If that initial burden is met, the party opposing the motion has the burden to prove one of the exceptions applies.  *Cf. Cermak v. Cermak*, 1997 ND 187, ¶ 6 n.1, 569 N.W.2d 280 (stating "permanent spousal support

5

may terminate upon the remarriage of the recipient spouse unless the recipient shows extraordinary circumstances"); *D.E. v. K.F.*, 2012 ND 253, ¶ 11, 825 N.W.2d 832 (stating the party relying on a statute of limitations defense has the burden to prove the action is barred, but the party claiming the benefit of an exception to a statute of limitations has the burden to show the exception applies).

[¶17] Willoughby had the initial burden to prove Erickson had been cohabiting in a relationship analogous to marriage for at least one year. Once he met that burden, Erickson had the burden to prove an asserted exception applied. The district court found Erickson did not present any evidence about the type of spousal support she was awarded. Erickson failed to present any evidence about the type of support ordered, and the agreement is silent about whether the support is rehabilitative. The court's finding is not clearly erroneous.

[¶18] The district court did not misapply the law, and its findings are supported by the evidence in the record. We conclude the court's decision to terminate Erickson's spousal support is not clearly erroneous.

III

[¶19] Willoughby argues the district court abused its discretion by failing to make its order terminating support retroactive to the date of the service of his motion. He claims that extending his payment obligation past the date when he served his motion contradicts the clear intent of the statute.

[¶20] The district court has discretion in setting the date the spousal support obligation terminates. *See Glass v. Glass*, 2017 ND 17, ¶ 10, 889 N.W.2d 885. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

[¶21] Section 14-05-24.1(3), N.D.C.C., states the court shall terminate spousal support "upon an order of the court" finding that the spouse receiving support has been habitually cohabiting with another in a relationship analogous to marriage for one year or more. The plain language of N.D.C.C. § 14-05-24.1(3) does not require

6

the court to terminate the spousal support upon the date of the service of the motion if the court later finds habitual cohabitation. In comparison, N.D.C.C. § 14-05-24.1(2) provides for spousal support "termination upon the remarriage." We have said that child support, although "[n]ot subject to retroactive modification," N.D.C.C. § 14-08.1-05(1)(c), may be terminated effective on the date of the motion or some later appropriate effective date within the discretion of the district court. *Norberg v. Norberg*, 2014 ND 90, ¶ 40, 845 N.W.2d 348. To the extent the court may have similar discretion in setting the effective date of spousal support termination, a question we need not decide here, it is certainly within its discretion to terminate support effective on the date the court entered its order. *See Glass*, 2017 ND 17, ¶¶ 10, 15, 889 N.W.2d 885 (holding the district court has discretion in deciding what date to terminate spousal support based on receiving spouse's remarriage). Willoughby moved to terminate support in October 2018, and the district court ordered the support be terminated in December 2018. Under the facts of this case, we conclude the district court did not abuse its discretion by setting the effective date of termination on the date the court entered its order.

IV

[¶22] Erickson argues the district court erred by denying her request for attorney's fees. She contends Willoughby's motion was frivolous and attorney's fees must be awarded under N.D.C.C. § 28-26-01(2).

[¶23] We will not reverse a district court's decision on attorney's fees on appeal unless the court abused its discretion. *Bindas*, 2019 ND 56, ¶ 18, 923 N.W.2d 803. Under N.D.C.C. § 28-26-01(2), the court must award attorney's fees if it finds a claim is frivolous. "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *Botteicher v. Becker*, 2018 ND 111, ¶ 18, 910 N.W.2d 861 (quoting *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775).

7

[¶24] Willoughby's motion to terminate his spousal support obligation was successful and was not frivolous. We conclude the district court did not abuse its discretion by denying Erickson's request for attorney's fees.

V

[¶25] Willoughby also requests this Court award his costs and attorney's fees for having to litigate this appeal. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Frontier Fiscal Servs., LLC v. Pinky's Aggregates, Inc.*, 2019 ND 147, ¶ 21. We do not find Erickson's appeal to be frivolous, and we deny Willoughby's request.

VI

[¶26] It is unnecessary to address the parties' other arguments because they are either unnecessary to our decision or are without merit. We affirm the order and amended judgment.

[¶27] Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

I concur in the result.
Daniel J. Crothers

**McEvers, Justice, concurring.**

[¶28] I reluctantly concur. The majority avoids addressing our long line of cases categorizing spousal support. This Court has repeatedly stated there are two types of spousal support, rehabilitative and permanent. *See Williams v. Williams*, 2015 ND 129, ¶ 10, 863 N.W.2d 508; *Peterson v. Peterson*, 2010 ND 165, ¶ 14, 788 N.W.2d 296; *Marschner v. Marschner*, 2001 ND 4, ¶ 6, 621 N.W.2d 339; *Heley v. Heley*, 506 N.W.2d 715, 719 (N.D. 1993). This Court has also referred to spousal support as "temporary" support. We have stated: "[w]e prefer temporary rehabilitative support to remedy . . . disadvantage, and indefinite permanent support is appropriate only if

a spouse 'cannot be adequately restored to independent economic status.'" *Nuveen v. Nuveen*, 2011 ND 44, ¶ 26, 795 N.W.2d 308 (quoting *Heley v. Heley*, 506 N.W.2d 715, 720 (N.D. 1993)). However, temporary support has been used to describe both rehabilitative spousal support and other spousal support ordered for periods of short duration. *See Tuhy v. Tuhy*, 2018 ND 53, ¶¶ 14-15, 907 N.W.2d 351 (using term "temporary" to describe spousal support award for a period of four years following a request for rehabilitative spousal support); *Hoverson v. Hoverson*, 2013 ND 48, ¶¶ 6, 13, 828 N.W.2d 510 (using term "temporary" to describe the spousal support awarded for two years); *Quamme v. Bellino*, 2002 ND 159, ¶ 2, 652 N.W.2d 360 (using the term "temporary" to describe rehabilitative spousal support award for a period of four years); *Schoenwald v. Schoenwald*, 1999 ND 93, ¶¶ 10-12, 593 N.W.2d 350 (describing spousal support as temporary and not permanent where ordered spousal support ends when the obligor retires).

[¶29] The underlying stipulation clearly was not for permanent spousal support, because it is only for a period of 36 months. Because there was no evidence presented to the district court on the reason for the stipulated spousal support, it is not clear whether the spousal support was rehabilitative in nature or temporary for some other purpose. Had Markegard offered some evidence that the spousal support was intended to be rehabilitative in nature, the outcome may have been different.

[¶30] Lisa Fair McEvers