# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 165

Thomas D. Varty,                                     Plaintiff and Appellant

v.

Kathleen A. Varty,                                   Defendant and Appellee

## No. 20190391

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices VandeWalle and Tufte joined. Justice McEvers filed a dissenting opinion.

Thomas J. Corcoran, Williston, ND, for plaintiff and appellant; submitted on brief.

Harry M. Pippin, Williston, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   Thomas Varty appeals from the district court's order granting Kathleen Varty relief from judgment and requiring him to pay her one-half of the net proceeds of a stock sale totaling $23,714.62. We reverse the order and remand to the district court for proceedings consistent with this opinion.

I

[¶2]   Kathleen and Thomas Varty divorced in 2011. In August 2017, Thomas Varty moved to terminate spousal support to Kathleen Varty. The district court reduced his obligation and Kathleen Varty appealed. *See Varty v. Varty,* 2019 ND 49, 923 N.W.2d 131. We affirmed. *Id.* at ¶ 20. On December 14, 2018, Kathleen Varty moved under Rule 60(b) of the North Dakota Rules of Civil Procedure for relief from judgment. She alleged that during the marriage Thomas Varty obtained shares in a "phantom" stock plan from a former employer. She claimed she was entitled to half of the $72,400 sale proceeds received by Thomas Varty in February 2016. Thomas Varty opposed the motion, arguing the stock had no value on the date of the divorce and did not become vested until after the divorce. After a hearing, the district court granted Kathleen Varty relief from judgment and awarded her half of the net proceeds received by Thomas Varty.

[¶3]   On appeal, Thomas Varty argues the district court abused its discretion when considering Kathleen Varty's untimely filed reply brief, when it granted Kathleen Varty's untimely request for oral arguments, and when it found it was unconscionable for Thomas Varty to exclusively enjoy the benefits from the stock accrued during the marriage. Further, he claims it was clearly erroneous for the court to order Thomas Varty to pay Kathleen Varty one-half of the net proceeds from the stock, and the court erred as a matter of law and abused its discretion when it did not set aside the entire 2011 judgment.

1

[¶4]   The dispositive issue is whether the district court erred by finding it was unconscionable for Thomas Varty to exclusively enjoy the benefits from the stock accrued during the marriage.

[¶5]   When one party does not disclose material assets or debts during a divorce, the other party has a choice of remedies. In *Walstad v. Walstad*, we explained N.D.C.C. § 14-05-24(3) and N.D.R.Civ.P. 60 "provide separate remedies for pursuing a former spouse's failure to disclose marital assets or debts during a divorce." 2012 ND 204, ¶ 13, 821 N.W. 2d 770. Under N.D.C.C. § 14-05-24(3), "The court may redistribute property and debts in a postjudgment proceeding if a party has failed to disclose property and debts as required by rules adopted by the supreme court or the party fails to comply with the terms of a court order distributing property and debts."

[¶6]   Here, Kathleen Varty did not raise N.D.C.C. § 14-05-24(3), but moved the court under N.D.R.Civ.P. 60(b) for relief from the final judgment. Under N.D.R.Civ.P. 60(b)(6), her burden was to prove exceptional circumstances existed to obtain relief from the judgment. *See Crawford v. Crawford*, 524 N.W.2d 833 (N.D. 1994); *Vann v. Vann*, 2009 ND 118, ¶¶ 10-11, 767 N.W.2d 855.

[¶7]   "In reviewing a trial court's grant of a motion to vacate a judgment we determine only whether the trial court abused its discretion." *Peterson v. Peterson*, 555 N.W.2d 359, 361 (N.D. 1996) (citing *Soli v. Soli,* 534 N.W.2d 21 (N.D. 1995)). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Meier v. Meier*, 2014 ND 127, ¶ 7, 848 N.W.2d 253 (citing *Rebel v. Rebel*, 2013 ND 164, ¶ 13, 837 N.W.2d 351).

[¶8]   In pertinent part, Rule 60(b)(6) of the North Dakota Rules of Civil Procedure states:

"(b) Grounds for Relief From a Final Judgment or Order. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(6) any other reason that justifies relief."[1]

[¶9] "Under N.D.R.Civ.P. 60(b)(vi), a district court may relieve a party from a final judgment for any other reason justifying relief." *Vann*, 2009 ND 118, ¶ 10, 767 N.W.2d 855. "Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present." *Id*. (citing *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495).

[¶10] In *Crawford v. Crawford*, 524 N.W.2d 833, 836 (N.D. 1994), we stated:

"Whether a party has agreed to the terms of a stipulation becomes irrelevant in light of the damage enforcement of an unconscionable decree would do to the duty and reputation of courts to do justice. Just as courts will not enforce an agreement that is illegal, so too courts should vacate judgments that are unconscionable. Rule 60(b)(vi), N.D.R.Civ.P., is available for just such a rare occasion and exceptional circumstance."

[¶11] In *Vann v. Vann*, 2009 ND 118, ¶ 11, 767 N.W.2d 855, we explained:

"If the judgment sought to be set aside is entered based on a stipulation of the parties, the party challenging the judgment has the additional burden of showing that under the law of contracts there is justification for setting aside the stipulation. A district

---

[1] "Rule 60 was amended and subdivisions (c), (d), and (e) were added, effective March 1, 2011, in response to the December 1, 2007, revision of the Federal Rules of Civil Procedure. The language and organization of the rule were changed to make the rule more easily understood and to make style and terminology consistent throughout the rules." (N.D.R.Civ.P. 60, explanatory note.)

court, in considering whether a settlement agreement between divorcing parties should be enforced, should make two inquiries: (1) whether the agreement is free from mistake, duress, menace, fraud, or undue influence; and (2) whether the agreement is unconscionable. In a divorce, whether a property settlement agreement is unconscionable is a question of law, but 'turns on factual findings related to the relative property values, the parties' financial circumstances, and their ongoing need.' On appeal, findings of fact will not be reversed unless they are clearly erroneous. A finding of fact is clearly erroneous if it has no support in the evidence, or even if there is some supporting evidence, the reviewing court is left with a definite and firm conviction a mistake has been made, or the decision was induced by an erroneous view of the law."

(Internal citations and quotations omitted.)

[¶12] In *Eberle v. Eberle*, 2009 ND 107, ¶ 18, 766 N.W.2d 477 (internal citations omitted), we explained unconscionable agreements:

"An agreement is unconscionable if it is one no rational, undeluded person would make, and no honest and fair person would accept, or is blatantly one-sided and rankly unfair. Unconscionability is a doctrine by which courts may deny enforcement of a contract 'because of procedural abuses arising out of the contract formation, or because of substantive abuses relating to the terms of the contract.' To determine a settlement agreement is unconscionable there must be some showing of both procedural and substantive unconscionability and courts must balance the various factors, viewed in totality, to make its determination. Procedural unconscionability focuses on the formation of the agreement and the fairness of the bargaining process. Substantive unconscionability focuses on the harshness or one-sidedness of the agreement's provisions."

[¶13] Here, the district court concluded "it would be unconscionable, under Rule 60(b)(6) of the North Dakota Rules of Civil Procedure, for the Plaintiff to

4

exclusively enjoy the benefits from the phantom stock rights that accrued during the marriage of the parties[.]" At the hearing the district court stated:

> "Obviously the Court has reviewed the briefs of each side and the issues in this case. I do find that there was an accrued interest that did occur during the course of the marriage and it wasn't disclosed. I'm not finding any fraud. But I am going to find that 60(b)(6) does apply. I think it would be justified. I do find it would be unconscionable not to give her her 50 percent of that.
> "I'm not going to do it with interest. So I am going to direct the payment of $23,714.62. I am going to find that that is something that was vested at least with regard to what was paid out. At the time of the divorce he had already been qualified for that. I'll direct Attorney Pippin to prepare a proposed Order."

[¶14] The district court concluded the agreement was free from fraud and that it would be unconscionable not to give Kathleen Varty half of the stock. The district court did not explain the terms of the marital termination agreement and how not receiving 50% of the stock made the stipulation and resulting judgment as a whole so one-sided and created such hardship that it is unconscionable. *See Crawford*, 524 N.W.2d at 836 (N.D. 1994). Further, the district court did not make findings on whether the settlement agreement and resulting judgment were procedurally and substantively unconscionable. *Eberle*, 2009 ND 107, ¶ 18, 766 N.W.2d 477. Therefore, the district court abused its discretion by misinterpreting or misapplying the law, and this case is reversed and remanded for further proceedings.

### III

[¶15] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.

[¶16] We reverse the order and remand to the district court for proceedings consistent with this opinion.

[¶17]   Daniel J. Crothers
      Gerald W. VandeWalle
      Jerod E. Tufte
      Jon J. Jensen, C.J.


**McEvers, Justice, dissenting.**

[¶18] Because I do not believe the district court abused its discretion, I respectfully dissent. The majority correctly points out the standard of review here is abuse of discretion. Majority, at ¶ 7. An abuse of discretion is never assumed and must be affirmatively established. *Dvorak v.* Dvorak, 329 N.W.2d 868, 870 (N.D. 1983). "We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion." *Interest of D.J.H.*, 401 N.W.2d 694, 700 (N.D. 1987).

[¶19] Under the broad language of N.D.R.Civ.P. 60(b)(6), the district court is given ample power to vacate a judgment whenever such action is appropriate to accomplish justice. *Kinsella v.* Kinsella, 181 N.W.2d 764, 768 (N.D. 1970). This Court has also stated:

> [Rule 60(b)(6), N.D.R.Civ.P.,] provides for relief when the movant demonstrates it would be manifestly unjust to enforce a court order or judgment and provides an escape from the judgment, unhampered by detailed restrictions. When it is disclosed that a judgment is so blatantly one-sided or *so rankly unfair under the uncovered circumstances* that courts should not enforce it, N.D.R.Civ.P. 60(b)[6] provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice. Relief under N.D.R.Civ.P. 60(b)[6] "is, by its very nature, invoked

to prevent hardship or injustice and thus is to be liberally construed and applied."

*Kopp v. Kopp*, 2001 ND 41, ¶ 10, 622 N.W.2d 726 (citations omitted and emphasis added).

[¶20] I agree with the majority there is an alternative remedy under N.D.C.C. § 14-05-24(3) for failing to disclose the marital asset during the divorce. Majority, at ¶ 5. I would anticipate a request for relief under the statute on remand, which would also give discretion to the district court to redistribute the property.

[¶21] I cannot say the district court acted arbitrarily, unreasonably, or unconscionably, nor do I believe the law was misapplied or was a product of an irrational mental process. Based on the standard of review, I would affirm.

[¶22] Lisa Fair McEvers